IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDY ADAMS AND HEATHER ADAMS, et al.

    Plaintiffs,

    v.

UNITED STATES OF AMERICA, et al.

    Defendants.

CIV-S-04-0979 DFL KJM PS

<u>MEMORANDUM OF OPINION AND ORDER</u>

I.

The thirteen named plaintiffs seek to certify a class of 200 individuals defined as "all individuals, as defined in 7 C.F.R. 1941.4 as a 'borrower,' whose loans were administered by Donna Gordy ("Gordy"), which directly led to FSA's [Farm Service Agency] subsequent decision to designate the loans as unauthorized financial assistance, had loan making and servicing terminated, were subjected to administrative offset, and directed to liquidate their farm operation."  (FAC ¶ 30.)

Plaintiffs allege that Gordy, a former FSA agent, violated FSA regulations by: (1) approving loans for plaintiffs when they

1

did not qualify for them; (2) permitting plaintiffs to use loan proceeds and collateral inappropriately; (3) promising future FSA loans; and (4) promising plaintiffs that their FSA loans would be forgiven. (Opp'n at 2.) In addition, plaintiffs allege that Does 1-10, as supervisors of Gordy, failed to prevent Gordy's violations of the FSA regulations. (Mot. at 6.)

Plaintiffs bring two claims against Gordy and Does 1-10: (1) a Bivens claim for violation of plaintiffs' due process rights; and (2) a RICO claim (FAC ¶¶ 44-55.) In addition, plaintiffs bring a claim against the United States for breach of the Privacy Act of 1974, 5 U.S.C. § 552(a). (Id. 56-61.) Plaintiffs seek an accounting, damages, declaratory relief, and injunctive relief. (Id. at 9-10.)

On December 27, 2004, the court entered default as to defendant Donna Gordy. (12/27/2004 Order.) In the September 19, 2005 scheduling order the court dismissed the claims against the Does. (9/19/2004 Order.)

II.

"Class certification must be addressed on a claim-by-claim basis." James v. City of Dallas, 254 F.3d 551, 563 (5th Cir. 2001), cert. denied, 534 U.S. 1113, 122 S.Ct. 919 (2002). The party seeking class certification bears the burden of demonstrating that the requirements for class certification stated in Fed.R.Civ.P. 23 have been satisfied. See Zinser v. Accufix Research Inst., Inc., 253 F.3d 1180, 1186 (9th Cir. 2001). To obtain class certification, the plaintiffs must first

1  satisfy the numerosity, commonality, typicality, and adequacy of
2  representation requirements of Rule 23(a).  See Walters v. Reno,
3  145 F.3d 1032, 1045 (9th Cir. 1998).  "These requirements
4  effectively 'limit the class claims to those fairly encompassed
5  by the named plaintiff's claims'" by ensuring that the named
6  plaintiffs have suffered the same injury and possess the same
7  interest as the other class members.  General Tel. Co. v. Falcon,
8  457 U.S. 147, 156, 102 S.Ct. 2364 (1982).  The plaintiffs must
9  then demonstrate that their claims fall under one of the
10 categories listed in Rule 23(b).

11      Because "actual, not presumed," compliance with Rule 23
12 remains the touchstone for class certification, a class may be
13 certified only after the court has conducted a "rigorous
14 analysis" to determine if class certification is appropriate in
15 light of the particular facts underlying the plaintiff's claim.
16 Falcon, 457 U.S. at 160-61.  At the class certification stage,
17 plaintiffs need not prove the merits of their claims.  However,
18 they "must provide more than bare allegations that they satisfy
19 the requirements of Rule 23 for class certification."  Morrison
20 v. Booth, 763 F.2d 1366, 1371 (11th Cir. 1985); see also Szabo v.
21 Bridgeport Machines Inc., 249 F.3d 672, 677 (7th Cir. 2001),
22 cert. denied, 534 U.S. 951, 122 S.Ct. 348 (2001).  In addition,
23 because "motions for class certification are fact-specific, and
24 therefore, the outcome of these motions will vary based on the
25 specific facts of the case," a careful analysis of class
26 certification issues may not be possible where the plaintiffs'

claims are broad and the factual record is undeveloped. <u>See</u> <u>McReynolds v. Sodexho Marriott Services, Inc.</u>, 208 F.R.D. 428, 442 (D.D.C. 2002). Therefore, the vaguer the plaintiffs' claims, the less likely it is that plaintiffs will succeed in making the necessary showing for class certification under Rule 23.

Plaintiffs' motion does not adequately address the Privacy Act claim on which the class action is predicated. Indeed, there is no specific discussion of this claim whatsoever, yet this is the only remaining claim in the case now that defendant Gordy has defaulted. The court would not certify a class action on the defaulted claims against Gordy because the only remaining issues, after default, concern damages as to which each plaintiff is differently situated from every other plaintiff. Because plaintiffs only bring a breach of the Privacy Act of 1974 claim against the remaining defendant, it was incumbent upon them to explain why the legal elements of this claim, in the circumstances here, lend themselves to class action treatment. Plaintiffs did not do this, and without a rigorous analysis of the facts and issues relevant to the Privacy Act claim, the court is not in a position to certify a class action based on that claim. For this reason, the motion to certify a class is DENIED.

III.

The court notes two additional problems with plaintiffs' motion.

A. <u>Numerosity</u>

Under Rule 23(a)(1), to certify a class, it must be "so

numerous that joinder of all members is impracticable." The Supreme Court has held that fifteen individuals is too few to meet the numerosity requirement. <u>Harik v. California Teachers Ass'n</u>, 326 F.3d 1042, 1051 (9th Cir. 2003) (citing <u>General Tel. Co. v. EEOC</u>, 446 U.S. 318, 330, 100 S.Ct. 1698 (1980)).

Plaintiffs argue that they have met the numerosity requirement because their proposed class consists of over 200 persons. (Mot. at 13.) In support of this number, plaintiffs allege that the FSA has a list of at least 130 borrowers that were harmed by its policies. (Reply at 2 (citing Shannon Adams Decl. ¶ 6; Vera Adams Decl. ¶ 6).) In addition, plaintiffs note that there were 312 calls, over a six week period, to a phone hotline listed in newspaper advertisements for potential class members. (<u>Id.</u> (citing Davis Decl. ¶ 3; John Ohm Decl. ¶ 2).) Plaintiffs claim that a number of people who called the hotline did not want to be named as plaintiffs in the lawsuit because of a fear of retribution from the FSA. (<u>Id.</u>)

These assertions are not adequate to establish numerosity. If the FSA has a list of people harmed by the FSA's policies, then plaintiffs should obtain that document before moving to certify a class. And, even if plaintiffs received 312 calls to their hotline, the court cannot determine from the affidavits whether each call was from a separate individual and how many callers wished to be class members. Therefore, the court finds that plaintiffs have not met their burden to establish the numerosity element of Rule 23(a).

B. Adequacy of Representation

    Although counsel is experienced in suits against the United States on behalf of farmers, he concedes that he is a neophyte when it comes to class action practice under Fed.R.Civ.P. 23. The briefing on this motion has revealed that lack of familiarity. Class action practice is a speciality, and it is no criticism of counsel's overall competence that he lacks this experience. Nonetheless, on the basis of the papers filed in this action, the court cannot find that counsel can adequately represent the class given the subtleties of class action litigation. Therefore, the court finds that plaintiffs have not met their burden to establish the adequacy of representation element of Rule 23(a).

IV.

    For the reasons stated above, the court DENIES plaintiffs' motion to certify a class.

    IT IS SO ORDERED.

Dated: 3/10/2006

_____
DAVID F. LEVI
United States District Judge