IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDY ADAMS, et al., | No. CIV S-04-0979-RRB-CMK |
| Plaintiffs, | |
| vs. | ORDER |
| UNITED STATES OF AMERICA, et al., | |
| Defendants. | |
| _____/ | |

      Pending before the court is the motion (Doc. 173) of Ohm Ranch, Charles T. Ohm, Barbara A Ohm, John C. Ohm, and Susan L. Ohm (collectively "plaintiffs") for default judgment against defendant Donna Gordy. This matter is before the undersigned pursuant to Eastern District of California Local Rule 72-302(c)(19).

      Whether to grant or deny default judgment is within the discretion of the court. See Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). In exercising this discretion, the court considers the following factors: (1) the possibility of prejudice to the plaintiff if relief is denied; (2) the substantive merits of plaintiff's claims; (3) the sufficiency of the claims raised in the complaint; (4) the sum of money at stake; (5) the possibility of a dispute concerning material

facts; (6) whether the default was due to excusable neglect; and (7) the strong policy favoring decisions on the merits when reasonably possible. See Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir 1986). Regarding the last factor, a decisions on the merits is impractical, if not impossible, where defendants refuse to defend. See Pepsico, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

Where a defendant has failed to respond to the complaint, the court presumes that all well-pleaded factual allegations relating to liability are true. See Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam); Televideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam); see also Discovery Communications, Inc. v. Animal Planet, Inc., 172 F. Supp. 2d 1282, 1288 (C.D. Cal. 2001). The court does not, however, presume that any factual allegations relating to the amount of damages suffered are true. See Geddes, 559 F.2d at 560. Thus, the court has the responsibility of determining whether the complaint states a claim which can support the judgment. See Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978). If a claim lacks merit, the district court does not abuse its discretion in denying default judgment. See Aldabe, 616 F.2d at 1092-93. The court also has the responsibility of ensuring that the amount of damages awarded is reasonable and demonstrated by the evidence. See Geddes, 559 F.2d at 560. In discharging its responsibilities, the court may conduct such hearings and make such orders as it deems necessary. See Fed. R. Civ. P. 55(b)(2).

In this case, plaintiffs allege civil rights claims against defendant Gordy, who at the times relevant to this action was a Credit Manager at the Farm Service Agency of the United States Department of Agriculture, based on a pattern of fraud, misrepresentation, failure to act, failure to follow published regulations, and breach of fiduciary duty, all done in defendant's capacity as a federal employee.[1] The record establishes that defendant Gordy's default for failure to appear in this action, after having been properly served with process, was entered by the

---

[1] Plaintiffs' claims against defendant Gordy are brought pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971).

Clerk of the Court on December 27, 2004 (Doc. 23).

A defendant's default does not automatically entitle a plaintiff to judgment. See Draper v. Coombs, 792 F.2d 915 (9th Cir.1986). In assessing liability, the complaint's allegations are taken as true. See Danning v. Lavine, 572 F.2d 1386 (9th Cir.1978). Here, the complaint is vague, and does not set forth specific damages. In assessing damages, the court must review facts of record, requesting more information if necessary, to establish the amount to which plaintiff is lawfully entitled upon judgment by default. See, Pope v. United States, 323 U.S. 1, 65 S.Ct. 16, 89 L.Ed. 3 (1944). When determining liability, a defendant's default functions as an admission of the plaintiff's well-pleaded allegations of fact. See, Panning v. Lavine, 572 F.2d 1386 (9th Cir.1978).

In the present case, the court has reviewed and considered the Olms' Amended Complaint (Doc. 14); Ohm Judgment (Doc. 155) and the declarations of John Ohm (Doc. 173.4) and Julie Sutterfield (Doc 173.5). Since the Amended Complaint offers little specificity as to the borrower/lender relationship between the Ohms and Defendant Farm Service Agency ("FSA") and how the Ohms have been damaged by the acts of Gordy, the court has also considered the declaration of Nels Christiansen (Doc. 128) in support of FSA's Motion for Summary Judgment (Doc. 126) which sets forth the long and rather complex loan history of the Ohms with FSA.

The court is unable at this time to properly assess plaintiffs' claim of damages without further information. [2]

///

---

[2] The declarations submitted in support of their motion for default judgment claim damages as follows:

| | |
|---|---|
| Liability for civil rights violation | $285,290.47 |
| Prejudgment interest | $96,891.55 |
| Attorneys fees and costs | $96,306.89 |
| Stipulated attorneys fees | $236,139.13 |
| TOTAL | $714,628.04 |

In the declaration of Julie Sutterfield (Doc 173.5), damages appear to be based on the difference between the actual Ohm obligation to FSA, including attorneys' fees, and what they would have been obligated to FSA had their loans been properly restructured by Gordy at lower interests rates. Since many of the FSA loans appear to have been subject to lending ceilings, the court is unsure whether Sutterfield's simple math will suffice. For example, loans having an interest rate of 3.75% may have had a ceiling of $400,000.00, and loans having an interest rate of 5.00% interest may have had a ceiling of $200,000.00. See, paragraphs 26 through 44 of the Christainsen Declaration (Doc. 128). How does Sutterfield's expertise as an IRS agent equate to an understanding of FSA lending policies? If Plaintiffs' damages are to be based upon Sutterfield's computations, a better understanding of prefix 29 and 44 FSA loans, and a more detailed accounting of damages would appear to be necessary.

The Ohms also request that damages against Gordy include the amount of stipulated attorneys' fees that they are required to pay to FSA (Doc 155) under the stipulated judgment. Does this require the court to assume that, but for, Gordys' conduct, the Ohms' loans would not have been in default and the subject of future litigation by FSA? The Ohms' loans appear to have been in default several years before Gordy became involved with their portfolio. (Doc 128).

This is not to say that the Ohms are not entitled to damages from Gordy. The court is simply left without sufficient information to make an appropriate award in the absence of receiving supplemental information.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Based on the foregoing, plaintiffs have up to, and including July 18, 2008, to submit supplemental declarations in support of their request for default judgment; or alternatively, to schedule a prove-up hearing which may be conducted either by conference call, or teleconferencing. Scheduling either of the foregoing may be arranged by contacting the Deputy Courtroom Clerk at (530) 246-5416.

IT IS SO ORDERED.

DATED: June 13, 2008

　　　　　　　　　　　　　　　　　　　/s/ Craig M. Kellison
　　　　　　　　　　　　　　　　　　**CRAIG M. KELLISON**
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE