**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANDY ADAMS, et al., | No. CIV S-04-0979-RRB-CMK |
|     Plaintiffs, | |
|   vs. | <u>ORDER</u> |
| UNITED STATES OF AMERICA, et al., | |
|     Defendants. | |

Pending before the court, at Docket 187, is the renewed motion for default judgment filed by Plaintiffs Ohm Ranch, Charles T. Ohm, Barbara A Ohm, John C. Ohm, and Susan L. Ohm ("Ohm plaintiffs"), Melvin Thompson and Mary Thompson ("Thompson plaintiffs"), and Douglas Hammond and Rhonda Hammond ("Hammond plaintiffs"), against Defendant Donna Gordy. The motion was before the assigned Magistrate Judge pursuant to Eastern District of California Local Rule 72-302(c)(19).

On February 17, 2009, the Magistrate Judge filed findings and recommendations herein which were served on the parties and which contained notice that the parties may file objections within

a specified time. Timely objections to the findings and recommendations have been filed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, **IT IS HEREBY ORDERED** that:

1. The findings and recommendations filed February 17, 2009, are adopted in full;

2. Given Defendant Gordy's default, the factual allegations in Plaintiffs' amended complaint, at Docket 14, except those relating to damages, are deemed true;

3. The Ohm Plaintiffs' renewed motion for default judgment at Docket 187 is granted in part;

4. The Ohm Plaintiffs are awarded default judgment in the amount of $223,132.28 as compensable damages representing the accrued interest that would have been written off and the reset at lower rates if statutory loan servicing had been performed by Defendant Gordy;

5. The Ohm Plaintiffs' request for reimbursement of the FSA stipulated attorney fees, pre-judgment interest, and other attorney fees is denied without prejudice;

6. The Hammond Plaintiffs' renewed motion for default judgment at Docket 187 is granted in part;

7. The Hammond Plaintiffs are awarded default judgment in the amount of $143,701.65 as compensable damages representing the accrued interest that would have been written off and the reset at lower rates if statutory loan servicing had been performed by defendant Gordy;

8. The Hammond Plaintiffs' request for reimbursement of the FSA stipulated attorneys fees, pre-judgment interest, and other attorneys fees is denied without prejudice;

9. The Thompson plaintiffs' renewed motion for default judgment at Docket 187 is denied without prejudice; and

10. The Clerk of the Court is directed to enter default judgments as outlined above.

ENTERED this 3rd day of April, 2009.

S/RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE